**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ELVIN CAMPOS MUNOZ<br><br>*Petitioner*,<br><br>v.<br><br>ERIC ROKOSKY *et al.*<br><br>*Respondents*. | Civil Action No. 25-cv-18720<br><br>**ORDER** |

**THIS MATTER** comes before the Court upon the Petition for a Writ of Habeas Corpus ("Petition") filed by Petitioner Elvin Campos Munoz ("Petitioner") pursuant to 28 U.S.C. § 2241, challenging the legality of his civil immigration detention under 8 U.S.C. §1225(b)(2). (ECF No. 1.)

**WHEREAS,** on January 7, 2026, this Court granted the Petition in part by entering a Text Order concluding that Petitioner's detention is governed by 8 U.S.C. § 1226(a), rather than §1225(b)(2), and directing Respondents to provide him with an individualized bond hearing before an immigration judge no later than January 13, 2026. (ECF No. 2.) The Court further ordered Respondents to file notice of the outcome of that hearing. (*Id.*)

**WHEREAS,** Respondents advised the Court that Petitioner appeared before an immigration judge on January 13, 2026, and that bond was denied. (ECF No. 3.)

**WHEREAS,** by Text Order entered January 22, 2026, the Court determined that it was appropriate to assess whether the January 13, 2026 bond hearing comported with due process and

fundamental fairness. (ECF No. 4.) The Court directed Respondents to submit briefing with supporting documentation from the bond proceedings. (*Id.*) Petitioner filed a brief attaching the Record of Proceedings and bond hearing transcript. (ECF No. 5, Exs. C–D.) Respondents filed briefing in support of the hearing's fundamental fairness. (ECF Nos. 6, 7.) Petitioner filed a reply. (ECF No. 10.)

**WHEREAS,** this Court lacks jurisdiction to review the immigration judge's discretionary determinations regarding flight risk or dangerousness. 8 U.S.C. § 1226(e). The Court's review is limited to whether the bond hearing complied with due process and this Court's January 7, 2026 Order. *See Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022).

**WHEREAS,** in a fundamentally fair bond hearing, due process has three essential elements. The noncitizen "(1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his interests." *Ghanem*, 2022 WL 574624, at *2.

**WHEREAS,** the bond hearing transcript reflects that Petitioner was represented by counsel; that documentary evidence was submitted and admitted into the record; and that both counsel and Petitioner were afforded an opportunity to present argument and testimony. (ECF No. 5-3 at 5–18.) The immigration judge questioned Petitioner regarding his immigration history and prior arrests. (*Id.* at 6–12.)

**WHEREAS,** in denying bond, the immigration judge articulated specific reasons on the record including Petitioner's arrest history.[1] (*Id.* at 15–17.) The immigration judge ultimately

---

[1] Petitioner has no conviction for an offense enumerated in 8 U.S.C. § 1182(a)(2) or §

determined that Petitioner had not met his burden to demonstrate that he would not pose a danger to the community or flight risk if released. (*Id.*)

**WHEREAS,** the transcript demonstrates that the immigration judge considered the documentary record, heard argument from counsel, questioned Petitioner directly, and explained the basis for the decision with reference to the evidence presented. The reliance on Petitioner's arrest history was expressly tied to the statutory inquiries of flight risk and dangerousness.

**WHEREAS,** to the extent Petitioner challenges the immigration judge's weighing of the arrest record, the significance assigned to dismissed charges, or the ultimate conclusion that he failed to carry his burden, those arguments seek review of discretionary determinations beyond this Court's jurisdiction. 8 U.S.C. § 1226(e); *see also Ghanem,* 2022 WL 574624, at *2 ("A motion to enforce a judgment is not the proper avenue to relitigate the merits of a bond order.")

**WHEREAS,** having reviewed the full record of proceedings, including the bond hearing transcript, the Court concludes that Petitioner received the individualized bond hearing required by § 1226(a) and this Court's prior Order, and that the proceeding satisfied the requirements of fundamental fairness. This Court expresses no view as to the correctness of the immigration judge's ultimate determination, and any challenge to the discretionary decision must be presented to the Board of Immigration Appeals.

**IT IS** on this **25th** day of February 2026,

**ORDERED** that the Court finds and declares that the January 13, 2026 bond hearing before an immigration judge was conducted in a manner that was fundamentally fair and comported with the requirements of due process; and it is further

---

1182(a)(3)(B), and therefore is not subject to mandatory detention under 8 U.S.C. § 1226(c). (ECF No. 1 at 8.)

ORDERED that, for the reasons set forth above, the Petition for a Writ of Habeas Corpus (ECF No. 1) is **DENIED** to the extent it seeks any relief beyond that previously granted by the Court; and it is further

ORDERED that the Clerk of Court shall **CLOSE** this matter.

**KAREN M. WILLIAMS**
**United States District Judge**

4